WILLIAM E. LEWIS, Appellant, *v.* BENJAMIN ADRIANCE and Others, Respondents, and FRANK M. KENDRICK, Appellant.

Appeal from a judgment of the Supreme Court, entered in the Oneida county clerk's office November 28, 1916.

Judgment affirmed, with costs, upon the opinion of Crouch, J., delivered at Special Term. All concurred; De Angelis, J., not sitting.

CROUCH, J.: Under date of April 20, 1915, the plaintiff and the defendants entered into a syndicate agreement for the purchase of certain stock of Savage Arms Company. The defendant Charles S. Symonds was named therein as syndicate manager. He thereafter purchased $179,400 par value of the stock of said company. The interest of the plaintiff in the syndicate amounted to 127 3/13 shares. This action is of the same nature and grows out of the same transactions involved in the action by this plaintiff against Adriance, Green and Lynch alone. There he sought a judgment against Adriance, Green and Lynch by virtue of his individual ownership of 82 shares of stock of Savage Arms Company. Here he seeks a similar judgment against Adriance, Green and Lynch by virtue of his 127 3/13 syndicate shares and against Charles S. Symonds, syndicate manager, for his failure to collect from them on account of said shares. The defendant Kendrick joins in the prayer with plaintiff and seeks a similar judgment as to his syndicate holding. The only question in this case not involved in the other arises as to the extent of the authority of the syndicate manager. Without discussing that question at length, I am of the opinion that the syndicate manager had authority to bind the members or subscribers by signing the stockholders' agreement of July 3, 1915. I am also inclined to think that he had authority to bind them by signing the confirmation or

ratification agreement of November 24, 1915. At all events, when Mr. Lewis and Mr. Kendrick signed the latter document, they had notice from the signature of Mr. Symonds as syndicate manager just above their own, that he was attempting to bind the syndicate. There was no objection made then that he was exceeding his authority. Moreover, plaintiff was present at a syndicate meeting in January, 1916, when the manager's compensation was fixed and the syndicate substantially wound up. So far as the evidence shows, no question as to the manager's conduct or authority was then raised. It is a fair inference from the evidence that the syndicate members knew and approved of the acts of their manager. What they were willing to do and to have done with their individual holdings, they were no doubt willing the manager should do and have done with the syndicate holdings. If it be true then that the manager's acts were warranted by authority or by ratification or estoppel, then under the decision of the court in the other case there can be no recovery here.